UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DANNY RICHARD DUSTIN,

    Petitioner,

vs.   Case No. 3:23-cv-629-BJD-PDB

STATE OF FLORIDA,

    Respondent.

_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Petitioner filed an unsigned handwritten document entitled "2241 Pretrial Habeas Unconstitutional Search and Seizure, and Malicious Prosecution (Infringement on Fourth Amendment)" (Petition) (Doc. 1). He states he is filing a pretrial habeas corpus, "to report an unwarranted arrest, tainted indictment, unconstitutional detainment, malicious prosecution, and prosecution undertaken by State officials in bad faith without hope of obtaining a valid conviction." Id. He is in custody pursuant to a Clay County criminal proceeding. Id. at 3. Apparently, he is seeking release from confinement and termination of the criminal proceeding against him claiming he is being framed for murder. Id. at 14.

Petitioner is detained at the Clay County Detention Facility. He alleges the death of his father was not the result of a homicide. It is well-settled that the decision of whether to prosecute and what criminal charges to file are decisions that rest in the prosecutor's, not the Court's discretion. See U.S. v. Batchelder, 442 U.S. 114, 124-25 (1979); Inmates of Attica Corr. Facility v. Rockefeller, 477 F.2d 375, 379-80 (2d Cir. 1973); Stoll v. Martin, No. 3:06CV180/LAC/EMT, 2006 WL 2024387, at *3 (N.D. Fla. 2006) (not reported in F.Supp.2d) (finding no citizen has a right to institute a criminal prosecution, nor can the court direct that a criminal prosecution occur).

Based on the above, Petitioner is in custody, but he has not been tried and convicted. Thus, a habeas corpus petition under § 2241 "is the proper procedural vehicle[.]" Skaggs v. Morgan, No. 3:12cv34/RV/CJK, 2012 WL 684801, at *2 (N.D. Fla. Jan. 31, 2012) (not reported in F.Supp.2d), report and recommendation adopted by 2012 WL 684766 (N.D. Fla. Mar. 2, 2012). See Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003) (not being a person in custody pursuant to a judgment of state court, the prisoner applicant would file an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241), cert. denied, 541 U.S. 1032 (2004). Although this Court may have jurisdiction to consider pretrial habeas corpus petitions, the Court should abstain from that

exercise if the issues raised in the Petition may be resolved by trial in the state court or by other available state court procedures. Skaggs, 2012 WL 684801, at *3 (citations omitted).

In order "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction," as well as to "limit federal interference in the state adjudicatory process[,]" the common law requires habeas petitioners first exhaust state court remedies, even if they are proceeding under 28 U.S.C. § 2241. Id. See Robinson v. Hughes, No. 1:11cv841-TMH, 2012 WL 255759, at *2 (M.D. Ala. Jan. 5, 2012) (not reported in F.Supp.2d) (finding a state pretrial detainee is entitled to raise a constitutional claim in federal court pursuant to 28 U.S.C. § 2241 if the detainee satisfies the in-custody requirement and he has exhausted all available state remedies), report and recommendation adopted by 2012 WL 253975 (M.D. Ala. Jan. 27, 2012). This requirement prevents a petitioner from derailing a state criminal proceeding by attempting to litigate issues prematurely in federal court. Braden v. 30th Judicial Cir. Court of Ky., 410 U.S. 484, 493 (1973) (concluding exhaustion is necessary under section 2241). As such, this Court will not interfere in the normal functioning of a state's criminal processes, something which Petitioner is asking this Court to do.

Furthermore, in recognition of the nature of comity and federalism, as well as the interests of judicial economy and avoiding piecemeal litigation, this Court should avoid interfering with ongoing state criminal proceedings and should give the state courts an opportunity to rule on Petitioner's claims. Younger v. Harris, 401 U.S. 37 (1971). Of import, Florida courts have adequate and effective state procedures, these procedures are available to Petitioner, and nothing has been presented which convinces this Court that this is a case that warrants federal court interference in the normal functioning of Florida's court system. See Ramirez v. Warden, No. 21-11397, 2021 WL 5353066, at *1 (11th Cir. Nov. 17, 2021) (per curiam) (regular judicial procedure should be followed in the absence of exceptional circumstances).

In sum, this Court is not convinced pretrial habeas interference is warranted. Additionally, the Younger abstention doctrine is applicable, and this Court should not interfere in the state court's ongoing criminal processes by directing Petitioner's release from custody. The Court finds the Petition should be dismissed without prejudice to Petitioner's right to initiate a habeas case to challenge the legalities of his incarceration and/or the fact or duration of his imprisonment if he is convicted and if he exhausts habeas corpus claims in state court. See 28 U.S.C. § 2254(b)(1)(A).

Therefore, this case will be dismissed without prejudice to Petitioner's right to properly initiate a habeas case, if he elects to do so, after the exhaustion of state court remedies, at the appropriate time.

It is now

**ORDERED AND ADJUDGED:**

1. The Petition (Doc. 1) and case are hereby **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing the Petition and case without prejudice, terminating any pending motions, and closing the case.

3. If Petitioner appeals the dismissal of his Petition, **the Court denies a certificate of appealability**.[1]  Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper

---

[1] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.

that may be filed in this case.   Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 1st day of June, 2023.

_____
BRIAN J. DAVIS
United States District Judge

sa 5/31
c:
Danny Richard Dustin